IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOYCE M. KAUFFMAN,

        Plaintiff,

vs.                                  CIVIL NO.  12-43 JB/LFG

LAW OFFICES OF FARRELL
& SELDIN, THOMAS F. FARRELL,
BARRY SELDIN, JAMES GRUBEL,
and KENNETH K. OH,

        Defendants.

# **REPORT AND RECOMMENDATION**[1]

THIS MATTER is before the Court on an Order of Reference [Doc. 6].  The trial judge, the Honorable James O. Browning, requests that the undersigned Magistrate Judge recommend an ultimate disposition of the case.

Defendants Law Offices of Farrell & Seldin, Thomas F. Farrell, Barry Seldin, James Grubel and Kenneth K. Oh ("Lawyer Defendants") filed a Motion for Summary Judgment [Doc. 19].  The undersigned Magistrate Judge considered the Motion, Memorandum in Support [Doc. 20], Plaintiff's Response [Doc. 23], and the Reply [Doc. 24].  Oral argument is not necessary.  For the reasons hereafter stated, the undersigned Magistrate Judge recommends that summary judgment be granted.

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation.  If no objections are filed, no appellate review will be allowed.  *See, e.g.*, Wirsching v. Colorado, 360 F.3d 1191, 1197 (10th Cir. 2004) ("firm waiver" rule followed in Tenth Circuit holds that a party who fails to object to magistrate judge's findings and recommendations in timely manner waives appellate review of both factual and legal questions).

**Background**

*Pro se* Plaintiff Joyce M. Kauffman ("Kauffman") sued Citibank (South Dakota) N.A. and Citibank Credit Services, Inc.[2] and their attorneys, alleging, *inter alia*, violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. In the parties' Joint Status Report, Kauffman contends:

> Lawyer Defendants failed to validate the alleged debt after Plaintiff's request in accordance with the FDCPA. Defendants' response did not meet requirements for a debt validation under the FDCPA.
>
> Lawyer Defendants are debt collectors as defined by the FDCPA, and they continued to attempt collection of an unverified debt. Defendants have either an ownership interest or pecuniary interest in the collection of the alleged debt, as such, are debt collectors.

[Doc. 21, at 2].

Lawyer Defendants state that Citibank hired them to file suit to collect on Kauffman's delinquent credit card debt and that they properly validated said debt in accordance with 15 U.S.C. § 1692. [Id., at 3.] Lawyer Defendants seek summary judgment and dismissal of Kauffman's complaint. [Doc. 20.]

**Summary Judgment Standards**

Summary judgment will be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). The Court examines the factual record and reasonable inferences

---

[2]On April 3, 2012, the parties filed a notice of stipulation of dismissal as to Defendants Citibank, successor-in-interest to Citibank (South Dakota, N.A.) and Citicorp Credit Services, Inc. [Doc. 18.]

therefrom in the light most favorable to the party opposing summary judgment.  Applied Genetics Int'l, Inc. v. First Affiliated Sec. Inc., 912 F.2d 1238, 1241 (10th Cir. 1990).

The party seeking summary judgment has an "initial burden to show that there is an absence of evidence to support the nonmoving [sic] party's case." Muñoz v. St. Mary-Corwin Hosp., 221 F.3d 1160, 1164 (10th Cir. 2000) (citation omitted). Upon meeting that burden, the non-moving party must "identify specific facts that show the existence of a genuine issue of material fact." Id.

The opposing party may not rest upon mere allegations and denials in the pleadings, but must set forth specific facts showing that there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue of fact is "genuine if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the non-moving party." Id. at 249-50. Mere assertions, conjecture, or the existence of a scintilla of evidence in support of the nonmovant's position, are not sufficient to show a genuine issue of material fact; an issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant.  Carpenter v. Boeing Co., 456 F.3d 1183, 1192 (10th Cir. 2006) (citations and quotations omitted).

## Present Motion

In support of the motion for summary judgment, Lawyer Defendants submit six undisputed Facts.  Defendant Kenneth K. Oh, an employee of Farrell & Seldin, provides sworn testimony and attached exhibits in support of each of the proposed undisputed facts. [*See* Doc. 20, Affidavit, ¶¶ 1-7].

The Lawyer Defendants set forth the following undisputed facts:

> 1.  On August 6, 2010, Citibank (South Dakota) N.A. placed Plaintiff's delinquent credit card account with Farrell & Seldin for collection.  *See* Oh Aff., ¶ 2.

> 2. On August 10, 2012, Farrell & Seldin mailed a letter to Plaintiff indicating that Farrell & Seldin represented Citibank (South Dakota) N.A. in the collection of Plaintiff's delinquent account. The letter also indicated the account number and a balance of $40,674.71. Moreover, the letter stated that "Unless you dispute the validity of the debt or any portion thereof, within 30 days after receipt of this letter, we shall assume the debt is valid. If you, the consumer, notify us within the thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you, the consumer, and a copy of such verification will be mailed to you by our office." *See* Oh Aff., ¶ 3.
>
> 3. On August 24, 2010, Farrell & Seldin received a document sent by Plaintiff entitled "Notice and Demand to Cease and Desist Collection Activities Prior to Validation of Purported Debt." *See* Oh Aff., ¶ 4.
>
> 4. On October 12, 2010, Farrell & Seldin responded to Plaintiff's letter of August 24. In Farrell & Seldin's response, the name of the creditor and account number were again indicated. Also attached were billing statements, provided by Citibank, relevant to the account in question. *See* Exhibit "C" attached hereto, *see also* Oh Affidavit ¶ 5 (Account numbers redacted).
>
> 5. On May 23, 2011, seven months after Farrell & Seldin responded to Plaintiff's dispute, a Complaint for Money Due was filed in the Fourth Judicial District Court for the State of New Mexico, cause number D-412-2011-00274. The Complaint sought a judgment on behalf of Citibank in the amount of $40,674.71. Attached [to] the Complaint was an affidavit of a custodian of records for Citibank as well as the charge-off billing statement. *See* Oh Affidavit ¶ 6.
>
> 6. The state Complaint was served on Plaintiff on June 20, 2011. *See* Oh Affidavit ¶ 7.

[Doc. 20, at 3-4].

Lawyer Defendants argue that 15 U.S.C. § 1692 does not detail the information that must be included in a written verification of debt. Maynard v. Cannon, 401 F. App'x 389, 396 (10th Cir. Nov. 10, 2010) (unpublished). In Maynard, the 10th Circuit noted that a lawyer defendant who was being sued was only required to identify the original loan and the original lender to a debtor who

made a validation request under 15 U.S.C. § 1692(g).  Lawyer Defendants further contend that verification of a debt is not intended to give a debtor a detailed accounting of the debt to be collected. [Doc. 20, at 4.] Instead, "[c]onsistent with the legislative history, verification is only intended to eliminate the problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." Id. at 396 (*citing* Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999)).

Here, Lawyer Defendants' undisputed facts demonstrate that they received Kauffman's letter demanding verification on August 24, 2010 and ceased efforts to pursue collection of the debt at that time.  On October 12, 2010, Lawyer Defendants sent Kauffman a letter detailing the name of the creditor, the amount sought, and attached a number of detailed billing statements.  Lawyer Defendants argue that this letter is adequate validation of Kauffman's debt under Maynard. Thereafter, on May 23, 2011, after providing verification, Lawyer Defendants resumed collection efforts and filed suit.

Lawyer Defendants' undisputed facts also demonstrate that Citibank owned the debt and placed the delinquent credit card account with Lawyer Defendants for collection.  Farrell & Seldin advised Kauffman that it represented Citibank and supplied Kauffman with billing statements verifying the debt.  It is uncontested that Citibank then filed suit against Kauffman in a New Mexico State Court.

Based on the undisputed material facts, Lawyer Defendants assert that Count I of Kauffman's complaint should be dismissed because Defendants properly validated the debt and did not pursue collection of the debt until they sent validation to Plaintiff.

With respect to Count II of Kauffman's complaint, Lawyer Defendants argue that they did not misrepresent the character of the debt by falsely claiming it was owed to Citibank. [Doc. 20, at

6.] Lawyer Defendants contend that this claim is "wholly without merit as the debt is owned by Citibank. Lawyer Defendants observe that in support of her position, Kauffman relied on her own affidavit attached to the complaint in which she claims that someone named "Bill" informed her that the account was not with Citibank. Lawyer Defendants further assert that, as drafted, Count II fails to state a claim under Fed. R. Civ. P. 12(b)(6) and should be dismissed as Kauffman presented to facts to support her allegation. Moreover, the undisputed facts refute Kauffman's assertion that Lawyer Defendants "falsely" claimed the debt was owed to Citibank.

Therefore, according to Lawyer Defendants, both counts of the complaint should be dismissed with prejudice and any remaining claims in the complaint to not apply to these Lawyer Defendants.

In response to the summary judgment motion, Kauffman seeks to rely on inadmissible hearsay statements. [Doc. 23, at 5-6; Doc. 23, Ex. 1, ¶¶ 2, 3]. Kauffman provided no admissible evidence demonstrating any triable issue either as to validation of the debt or as to ownership of the debt at issue. At most, Kauffman relies on her arguments and contentions to support her position. This is insufficient.

## **Analysis**

Lawyer Defendants complied with the requirements of Rule 56. Specifically, they presented undisputed material facts supported by admissible evidence. Thus, Lawyer Defendants made a *prima facie* showing that summary judgment is appropriate under Rule 56. Once Lawyer Defendants satisfied their burden, Kauffman, the nonmovant, may not simply rest on allegations, arguments, hearsay, or summary denials. She must demonstrate that a genuine dispute of material facts remains for the factfinder to resolve. Celotex Corp., 477 U.S. at 322-24.

A nonmoving party may not challenge the motion for summary judgment simply by supplying argument, speculation or contention.  Put differently, "at summary judgment, the nonmoving party cannot rest on mere allegations but 'must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which [she] carries the burden of proof.'" Kannady v. City of Kiowa, 590 F.3d 1161, 1169 (10th Cir. 2010) (internal quotation marks omitted).  Rather, the party must submit admissible evidence by way of affidavit, document, deposition, or answer to interrogatory showing a material fact in dispute.  Fed. R. Civ. P. 56(c).

Here, Kauffman's affidavit contains nothing more than a recitation of information allegedly given to her by others.  [Doc. 23, Ex. 1, ¶¶ 2, 3].  For example, she repeated states she "has been informed by . . . ." [Id.]  The statements purportedly conveyed and the information given to her are hearsay and not admissible.  [Fed. R. Evid. 801].  *See* Jaramillo v. Colo. Judicial Dep't, 427 F.3d 1303, 1314 (10th Cir. 2005) ("Hearsay testimony that would not be admissible at trial is not sufficient to defeat a motion for summary judgment.") Kauffman failed to raise a genuine issue of material fact with respect to her receipt of proper validation of the debt or to Citibank's ownership of the debt.  Therefore, Kauffman failed to demonstrate the existence of a triable issue with respect to either or any claim, and summary judgment in favor of Lawyer Defendants is appropriate.

## Recommendation

For the foregoing reasons, the Court recommends that Lawyer Defendants' Motion for Summary Judgment be granted, and that Plaintiff's complaint against the remaining Lawyer Defendants be dismissed, with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge